IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00744-GPG

ZAVON NATHAN JORDAN,

    Plaintiff,

v.

SHERIFF PATRICK FIRMAN,
CHIEF COYLE, and
CHAPLAIN H. CANNON,

    Defendants.

ORDER TO FILE AN AMENDED PRISONER COMPLAINT

    Plaintiff Zavon Nathan Jordan currently is detained at the Denver County Jail in Denver, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed pursuant to 28 U.S.C. § 1915 has been granted.

    Plaintiff asserts that he is a Messianic Jew and had been denied a Kosher diet in violation of his First, Eighth, and Fourteenth Amendment rights. Plaintiff seeks injunctive relief and money damages.

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will direct Plaintiff to file an amended prisoner complaint.

First, supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.; see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

The Court also observes that "defendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.' " *See Dodds*, 614 F.3d at 1200-1201 (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat

superior, *see Iqbal*, 556 U.S. at 676, because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation," *Fogarty*, 523 F.3d at 1162. A public official is liable only for his own misconduct, *Iqbal*, 556 U.S. at 676, and Plaintiff must plead with plausibility that not only an official's subordinates violated the constitution but the named official acted by "virtue of his own conduct and state of mind." *Dodds*, 614 F.3d at 1198 (citing *Iqbal*, 556 U.S. at 677). To establish a claim under § 1983, a plaintiff must show more than "a supervisor's mere knowledge of his subordinate's conduct." *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 677).

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, Plaintiff is reminded that he must assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff will be directed to file an amended complaint in accordance with the directives outlined above. Plaintiff is reminded that in order to state a claim in federal court, he must explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, the amended prisoner complaint must include all claims that Plaintiff desires to assert against all named Defendants. If Plaintiff asserts claims against an individual in the body of the Amended Complaint and intends to name them as a defendant, then Plaintiff must list that individual as named defendant in the caption of the Amended Complaint.

Finally, Plaintiff is instructed that he may use fictitious names, such as "booking deputy," (asserted in Claim One), if he does not know the real names of the individuals who allegedly violated his rights. Plaintiff, however, must provide sufficient information about each John Doe defendant so that they can be identified for the purpose of service. Sufficient information would include badge number, date and time of shift during which incident happened, or job description. Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   Plaintiff must use a Court-approved form to file the amended prisoner complaint.   It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended prisoner complaint that complies with this order the Court will address the claims as stated in the original Complaint pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED at Denver, Colorado, this 31st day of  March , 2016.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge